IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BUILDING ERECTION SERVICES COMPANY, L.C. d/b/a BUILDING ERECTION SERVICES COMPANY OF MO, L.C. AND ADVANCED BUILDING SYSTEMS, INC.,** | )<br>)<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) Case No. 09-CV-2104-DJW<br>) |
| **AMERICAN BUILDINGS COMPANY and AMERICAN BUILDINGS COMPANY d/b/a ARCHITECTURAL METAL SYSTEMS,** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs Building Erection Services Company, L.C., d/b/a Building Erection Services Company of MO, L.C., and Advanced Building Systems, Inc., by and through counsel, move this honorable Court for a protective order requiring that defendant reschedule the depositions presently noticed for November 19 and 20, 2009, for a time mutually agreeable to the parties. For reasons stated below and pursuant to Fed. R. Civ. P. 26(c), the depositions of Advanced Building Systems, Building Erection Services, Mary Farrar, Thomas Farrar, and William Miller must be rescheduled.

### STATEMENT OF FACTS

1. On November 2, 2009, defendant filed notices of deposition for five separate depositions to take place November 19 through 20. (See Docs. 51 through 55).

2. At no time prior to unilaterally issuing these notices did counsel for defendant request proposed deposition dates or otherwise confer with plaintiffs to set mutually agreeable

       times that these depositions could take place.

3.     Defendant knew plaintiff's counsel would be unavailable on at least one of the dates set in these deposition notices. On October 26, 2009, counsel for plaintiffs told defense counsel that November 19 was unavailable for deposition. This communication was in regard to a deposition of another witness, who is not one subject to the deposition notices mentioned in Paragraph 1. (See E-mail from Kurt Brack to Bob Hill, Exhibit A, attached.)

4.     After receiving these deposition notices, plaintiffs' counsel attempted to reach defense counsel by telephone to schedule alternative deposition dates. That telephone call was unanswered. Plaintiffs' counsel also sent defendant a letter, which highlighted defense counsel's failure to consult with plaintiffs. Further, the letter outlined the nature of plaintiffs' schedule conflict on November 19 and 20. (Exhibit B, attached.) Defendant has not responded to plaintiffs' attempts to confer and resolve this scheduling dispute. (Exhibit C, Certification of Kurt S. Brack, attached.)

5.     Plaintiffs' counsel is unavailable for deposition on November 19 and 20 because of previously scheduled engagements.

## ARGUMENT AND AUTHORITIES

The Court has discretion, under Fed. R. Civ. P 26(c)(1)(B) to issue a protective order setting the time for discovery. Upon filing of a motion seeking such protective order, the particular discovery at which the motion is directed shall be stayed pending resolution by the Court. D. Kan. R. 26.2. A party seeking a protective order must offer certification that it has made a good faith attempt to confer with opposing counsel on the subject of the requested order. The moving party must also show that there is good cause to issue such order. *Schartz v. Unified Sch. Dist. No. 512*,

1996 U.S. Dist. LEXIS 17431 (D. Kan. 1996). Good cause is established when a party makes a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *Simpson v. Home Depot, Inc.*, 2002 U.S. Dist. LEXIS 5644, *3 (D. Kan. 2002) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

In this case, a protective order is appropriate to protect plaintiffs from defendant's unilateral, unjust attempt to schedule five depositions on a date when plaintiffs' counsel had a known conflict. First, it should be noted that plaintiffs do not object to producing the witnesses named in the deposition notices. The issue here is defendant's attempt to unilaterally schedule these depositions on dates when there are known conflicts. On November 19 and 20, plaintiffs' counsel must participate in hearings scheduled in other cases. On November 19, counsel must appear at hearings set in western Kansas. On November 20, plaintiffs' counsel must attend a pretrial conference during the time listed in defendant's deposition notice. Plaintiffs have made several good-faith attempts – both by phone, e-mail and regular mail – to inform defense counsel of these conflicts, without response. Thus, plaintiffs are left with no other choice than to seek a protective order form the Court that would require the parties to reschedule these depositions at a mutually agreeable date and time, as this Court is authorized to do under Fed. R. Civ. P. 26(c).

Furthermore, plaintiffs pray that the Court order defendant to pay the reasonable expenses of making this motion for protective order, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Had defendant conferred with plaintiffs prior to unilaterally setting these depositions or before the filing of this motion, these expenses could have been avoided.

Wherefore, Plaintiffs Building Erection Services Company, L.C., d/b/a Building Erection Services Company of MO, L.C., and Advanced Building Systems, Inc., request the Court grant their motion for protective order, requiring that defendant's depositions be rescheduled for a date mutually

agreeable to the parties, and for the reasonable expenses of making this motion.

>Respectfully submitted,
>
>HOLBROOK & OSBORN, P.A.
>
>
>By: /s/ Kurt S. Brack
>     Kurt S. Brack, KS #14797
>     Kyle R. Ramsey, KS #23883
>     Commerce Plaza II
>     7400 W. 110th Street, Suite 600
>     Overland Park, KS 66210
>     Telephone:   (913) 342-2500
>     Facsimile:    (913) 342-0603
>     E-mail: Kbrack@holbrookosborn.com
>             Kramsey@holbrookosborn.com
>     ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF MAILING**

I hereby certify that on this 5th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Scott R. Ast
Scharnhorst Ast & Kennard, P.C.
1000 Walnut, Suite 1550
Kansas City, MO 64106
Attorneys for Defendant

Robert E. Hill
McLain and Merritt, PC
3445 Peach Tree Rd. NE
Atlanta, Georgia 30326-3240
Attorneys for Defendant

>/s/ Kurt S. Brack
>Kurt S. Brack