IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BUILDING ERECTION SERVICES )<br>COMPANY, L.C. d/b/a BUILDING )<br>ERECTION SERVICES COMPANY OF )<br>MO, L.C. and ADVANCED BUILDING )<br>SYSTEMS, INC., )<br>)<br>　　　Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN BUILDINGS COMPANY )<br>and AMERICAN BUILDINGS COMPANY )<br>d/b/a ARCHITECTURAL METAL )<br>SYSTEMS )<br>)<br>　　　Defendant. ) | Case No. 09-CV-2104 |

## DEFENDANT AMERICAN BUILDINGS COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant American Buildings Company d/b/a Architectural Metal Systems ("ABC") and files this Reply Brief in Support of its Motion for Protective Order.

### I.     Statement of Facts

Plaintiffs Building Erection Services Company, L.C. ("BESCO") and Advanced Building Systems, Inc. ("Advanced") (collectively "Plaintiffs") filed this action against ABC on January 16, 2009 in the District Court of Johnson County, Kansas. ABC removed it to this Court.

ABC is a manufacturer of metal building components, headquartered in Eufaula, Alabama. (Supplemental Declaration of Chuck Roberts, attached hereto). ABC's officers maintain their business offices in Eufaula, Alabama. (Roberts' Supplemental Declaration). ABC's largest engineering office and manufacturing plant are located in

Eufaula, Alabama, as well as its administrative offices including its credit and human resources departments. ABC employs 405 individuals in Eufaula, Alabama, nearly four times the number of employees working at any of its other locations. Additionally, ABC does not maintain an office or manufacturing plant in Missouri or Kansas. (Roberts' Supplemental Declaration).

The metal roof system supplied by ABC for the project at issue in this case was designed in Eufaula, Alabama. The materials were fabricated in ABC's fabrication facility in El Paso, Illinois and shipped to the job site in Chillicothe, Missouri. During the initial installation of the materials supplied by ABC, inspections were performed by BDR Construction, an independent contractor based in North Carolina which performs inspections on a contract basis for ABC warranty purposes. (Roberts' Supplemental Declaration).

On or around August 13, 2009, Plaintiffs' counsel first requested ABC produce Chuck Roberts and Robert Smola for deposition in the Kansas City area. (See Exhibit 1 to ABC's Brief in Support of Motion for Protective Order, Doc. 48-1). Mr. Roberts is the Credit Supervisor throughout North America, with his office located in Eufaula, Alabama. (Roberts' Supplemental Declaration). Mr. Smola is the head of technical services and drafting for Architectural Metal Systems, a division of ABC. (Roberts' Supplemental Declaration). Mr. Smola's office is also located in Eufaula, Alabama. (Roberts' Supplemental Declaration).

ABC's counsel responded to Plaintiffs' counsel's August 13, 2009 request by offering Mr. Roberts and Mr. Smola for deposition in Atlanta on October 8, 2009, which was offered as a compromise from the depositions being taken in Eufaula, Alabama, at

{00122931.PDF}

2

the principal place of business. (Exhibit 2, Doc. 48-2). Plaintiffs' counsel rejected that date and wrote ABC's counsel on October 7, 2009 requesting deposition dates for Mr. Roberts, Mr. Smola and Mr. David Reed in Kansas City. (Exhibit 3, Plaintiffs' Response to Defendant's Motion for Protective Order, Doc. 49-3). This was the first time Plaintiff requested a deposition date for Mr. Reed. (Exhibit 4, Plaintiffs' Response, Doc. 49-4). ABC's counsel responded by offering Mr. Roberts and Mr. Smola for deposition in Atlanta, Georgia on October 26-28. (Exhibit 4, 49-4). Atlanta represented a compromise position between Eufaula, Alabama and Kansas City, Missouri as it would have saved Plaintiffs' counsel from an additional six hours of drive time between Atlanta and Eufaula. (Exhibit 4, Doc. 49-4). ABC's counsel said he would get back with Plaintiffs' counsel regarding possible dates and locations for the deposition of David Reed, but did not agree to produce him. (Exhibit 4, Doc. 49-4). Mr. Reed is a former employee who is not controlled by ABC.

On October 13, 2009, Plaintiffs, instead of accepting ABC's compromise location in Atlanta, served Notices of Depositions of Mr. Roberts and Mr. Smola for Overland Park, Kansas. (Doc. 45, Doc. 47). On October 15, 2009, ABC's counsel spoke with Plaintiffs' counsel and once again offered Atlanta, Georgia or Eufaula, Alabama as possible locations for the depositions, but objected to Overland Park, Kansas or Kansas City, Missouri. (Certificate of Compliance of Robert B. Hill, Doc. 48-4). Plaintiff's counsel persistently insisted the depositions take place in Kansas as Noticed. (Hill, 48-4). ABC has since filed its Motion for Protective Order. (Doc. 48).

**II.     Question Presented**

This Court must determine whether Plaintiffs can force ABC's corporate representatives to travel from Eufaula, Alabama to Overland Park, Kansas for deposition when ABC's employees and principal place of business are located in Eufaula, Alabama.

**III.     Argument and Citation of Authority**

> **a.     Tenth Circuit law clearly shows the depositions of Mr. Roberts and Mr. Smola should take place in Eufaula, Alabama.**

A district court has wide discretion to issue an order changing the place of a deposition if justice requires a person or party be protected from undue burden or expense. Rule 26(c), Federal Rules of Civil Procedure. The 10th Circuit law regarding corporate defendant depositions is well settled. The deposition of a defendant corporation's officers and agents should ordinarily be taken at the corporation's principal place of business. *Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995); *Moore v. Pyrotech Corporation*, 137 F.R.D. 356, (Dist. Kan. 1991) (holding that corporate representative depositions "are ordinarily taken at the corporation's principal place of business unless justice requires otherwise"). This is because Plaintiffs, who have brought the action, have exercised first choice of forum. *Payne v. McKune*, 2007WL3036190 (D. Kan. 2007). Further, "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Metrex Research Corporation v. United States*, 151 F.R.D. 122, 125 (D. Co. 1993).

To determine a corporation's principal place of business, the 10th Circuit appears to use the "total activity" test. *Amoco Rocmount Company v. Anschutz Corporation*, 7

{00122931.PDF}

4

F.3d 909, 914-16 (10th Cir. 1993).  The total activity test "considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case." *Id* at 915.  A corporation's nerve center is where its executive offices are located. *Id*.

There is no dispute that ABC's principal place of business is Eufaula, Alabama.  Its corporate officers, executives and administrative offices are located in Eufaula.  Its largest manufacturing plant and engineering office are located in Eufaula.  ABC's Eufaula location has 405 employees, nearly four times the amount of any other location.  Further, both Mr. Roberts and Mr. Smola conduct business from Eufaula, Alabama and reside in the Eufaula area.  Clearly, Eufaula is ABC's principal place of business.

This Court has previously refused to force corporate representatives to travel much shorter distances away from the corporation's principal place of business for deposition.  In *Zhou v. Pittsburg State University*, 2002WL31870565 (D.Kan. 2002), the plaintiff attempted to depose defendant's administrators in Kansas City, 120 miles away from defendant's principal place of business.  This Court upheld Magistrate Judge Waxse's determination that the depositions must take place where the administrators resided. *Id*.  Here, Plaintiffs demand Defendant's representatives drive 3 hours to a commercial airport (Atlanta), fly to Kansas City for deposition, and return to their principal place of business, which is considerably more than 120 miles and would require at least two full days and part of a night.  If this Court would not previously force corporate representatives to travel short distances for deposition, it should not do so here when it would cost Defendant substantially more time and substantial expense.

The only remaining question is whether there is some inordinate, exceptional or

unusual circumstance which, in the interest of justice, compels the Court to order the depositions be taken elsewhere.  The record before the Court shows none.

Plaintiffs allege that justice requires the Court compel Mr. Roberts and Mr. Smola to appear for deposition within the District of Kansas or Chillicothe, Missouri for a number of unconvincing reasons. (Doc. 49, p. 3-4).  First, Plaintiffs argue that the depositions in Atlanta or Eufaula would be more expensive as both Plaintiffs' and ABC's counsel would be forced to travel to the depositions.  Plaintiffs' conveniently ignore the fact that Defendant's Atlanta counsel both have been admitted *pro hac vice* for this action and would handle defense of the depositions.  Thus, the depositions' total cost would be less in Atlanta or Eufaula as it would only require travel for Plaintiffs' counsel and not two of ABC's representatives. It is true that Plaintiffs would incur attorneys' fees for its counsel's travel time; however, ABC would suffer substantial lost productivity and revenue if two department heads were forced to travel to Kansas City.  Finally, out of its own goodwill, ABC has offered to have its representatives appear in Atlanta in order to save Plaintiff's counsel the time and expense of a three hour drive from Atlanta to Eufaula, Alabama, and a three hour return to Atlanta.  Clearly, total expense is actually reduced by having the depositions in Atlanta, Georgia.

Plaintiffs also allege that "Defendant largely refused to cooperate" in setting the depositions.  (Doc. 49, p.5) This is patently false.  Defendant has twice offered dates for the depositions of Mr. Smola and Mr. Roberts for Eufaula or Atlanta.  Additionally, Defendant has offered to conduct the depositions in Atlanta, Georgia, instead of Alabama, which would require additional travel for Plaintiffs' counsel.  Finally, Defendant's counsel has offered to attempt to procure Mr. Reed for a deposition even

though he is no longer in Defendant's employ. (Declaration of Hill, Doc. 48-4; Exhibit 5 to Plaintiffs' Response, Doc. 49-4). In reality, the depositions have been stalled due to one thing: Plaintiffs' counsel's inflexible insistence on holding the depositions in Kansas or Missouri in direct contradiction to the settled law of the 10th Circuit. Defendant's counsel has consistently opposed depositions in Kansas City and has explained to Plaintiffs' counsel that no law requires ABC to produce its representatives there. (Doc. 49-4).

Finally, Plaintiffs argue that, because Defendant chose to supply materials to a jobsite in Chillicothe, Missouri, it is somehow convenient for Defendant to appear for deposition in the Kansas area. In reality, Plaintiffs have spent more time in Eufaula, than Defendant has in Kansas or Missouri. Plaintiff Advanced originally contacted Defendant to supply the metal building components for the Chillicothe Project. Defendant designed and manufactured the components and contracted with a third-party to ship the components to Missouri. Defendant contracted with a third party company, BDR Construction from North Carolina to perform inspections at the job site for warranty purposes. Defendant never sent any representative to the jobsite at any time during the design and manufacture of the components; but only after disputes arose that are now pending in this litigation. On the other hand, Plaintiffs sent multiple representatives to Eufaula, Alabama for a 2007 meeting regarding the Chillicothe Project. Plaintiffs clearly have no problem traveling to the southeast and their counsel should also for the depositions of Mr. Roberts and Mr. Smola.

### b. Plaintiffs and its attorneys should be liable to Defendant for its attorneys' fees in bringing this Motion.

Federal Rule of Civil Procedure 26(c)(3) incorporates the Rule 37(a)(5) standard for awarding a party expenses for a motion for protective order. Rule 37(a)(5) provides: "If the motion [for protective order] is granted…the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." The court must not grant expenses and attorneys' fees if:

"(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust."

Plaintiffs have unilaterally set the Defendant's representatives depositions in Overland Park, Kansas despite apposite case law to the contrary. On numerous occasions both before and after filing the Motion for Protective Order, Defendant's counsel explained to Plaintiffs' counsel that the depositions must take place in Eufaula, Alabama. Additionally, as a concession to Plaintiffs, Defendant offered to have its representatives appear in Atlanta, Georgia, relieving Plaintiffs' counsel of six total hours of drive time. 10th Circuit case law demands that these depositions take place in Eufaula, Alabama. Plaintiffs have not shown that their actions were substantially justified or any other circumstances which makes the award of expenses and attorneys' fees against Plaintiffs and their attorneys unjust.

### III.     Conclusion

Accordingly, Defendant urges this Court to grant Defendant's Motion for Protective Order and further order that the Defendant be allowed to submit evidence of its costs and attorneys fees for award due to having to file this Motion for Protective Order. Defendant can submit its evidence of costs and attorneys fees within seven (7) days of the entry of this Court's order allowing them.

          Respectfully submitted,

          s/ Scott R. Ast
          Scott R. Ast      KS# 16886
          SCHARNHORST AST & KENNARD, P.C.
          1000 Walnut, Suite 1550
          Kansas City, MO 64106
          816-268-9400
          816-268-9409 (fax)
          sra@sakfirm.com

          AND

          Robert B. Hill
          Ernest L. Beaton, IV
          MCLAIN & MERRITT, P.C.
          3445 Peachtree Road, N.E., Suite 500
          Atlanta, GA 30326
          404-365-4549
          404-262-7531 (fax)
          bhill@mclain-merritt.com
          ebeaton@mclain-merritt.com

          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF MAILING

      I hereby certify that on this 11th day of November, 2009, I electronically filed the foregoing **Defendant American Buildings Company's Reply Brief in Support of Its Motion for Protective Order** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Kurt S. Brack
HOLBROOK & OSBORN, P.A.
Commerce Plaza II
7400 West 110th Street, Suite 600
Overland Park, Kansas 66210
913-342-2500
913-342-0603 (fax)
**ATTORNEY FOR PLAINTIFFS**

                                                                           s/ Scott R. Ast
                                                                        Attorney