**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BUILDING ERECTION SERVICES COMPANY, L.C. d/b/a BUILDING ERECTION SERVICES COMPANY OF MO, L.C. AND ADVANCED BUILDING SYSTEMS, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 09-CV-2104-DJW |
| AMERICAN BUILDINGS COMPANY and AMERICAN BUILDINGS COMPANY d/b/a ARCHITECTURAL METAL SYSTEMS, | ) ) ) ) ) | |
| Defendants. | ) | |

**SUR-REPLY TO DEFENDANT AMERICAN BUILDING COMPANY'S**
**MOTION FOR PROTECTIVE ORDER**

Plaintiffs Building Erection Services Company, L.C., d/b/a Building Erection Services

Company of MO, L.C., and Advanced Building Systems, Inc., by and through counsel, offer the

following sur-reply to defendant American Buildings Company d/b/a/ Architectural Metal Systems'

Motion for Protective Order. Plaintiffs must reinforce that defendant's motion should be denied, as

should defendant's prayer for attorneys' fees.

**STATEMENT OF FACTS**

Plaintiffs refer to and incorporate by reference the Statement of Facts contained in their

Response to Defendant's Motion for Protective Order. (See Doc. 49)

## ARGUMENT AND AUTHORITIES

As a preliminary matter, it should be noted that defendant failed to request expenses and attorneys' fees in its Motion for Protective Order.  Matters raised for the first time in a party's Reply are deemed waived.  *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.").  Thus, the Court should disregard the defendant's prayer for expenses and attorneys' fees.

However, defendant would not be entitled to recovery of its expenses and attorneys' fees even if the Court were inclined to consider defendant's request.  Defendant errantly claims it would be entitled to recovery of the expenses and attorneys incurred in bringing its Motion for Protective Order if that motion were granted.  The clear language of Fed. R. Civ. P. 37(a)(5)(A)(ii) commands a different result, however.  As stated in defendant's reply: "The court must not grant expenses and attorneys' fees if . . . the opposing party's nondisclosure, response, or objection was substantially justified".  Here, plaintiffs' position that the depositions of defendant's representatives should take place in the Kansas City area is justified by case law within this district and within the 10th Circuit. These cases state that while there is a presumption that the deposition of a corporate representative may be taken at the corporation's principle place of business, the Court ultimately has discretion to order a particular deposition location. See *Thomas v. Intern'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) and *Starlight Int'l., Inc. V. Herlihy*, 186 F.R.D. 626, 644 (D. Kan. 1999).  Factors such as cost, convenience, and efficiency may weigh in favor of a location other than the deponents' principal place of business. *Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 U.S. Dist. LEXIS 37286, 2007 WL 1500311 at, * 4 (D. Kan. 2007).  Plaintiffs believe such factors exist

in this case. These factors would not only justify a Court order requiring that these depositions take place in the Kansas City area; they would also justify, in the alternative, a ruling from the Court that plaintiffs' objection and response to defendant's motion was "substantially justified."

Courts have generally held that a party's position is "substantially justified" within the meaning of Rule 37 if it is "justified to a degree that could satisfy a reasonable person," or where "reasonable people could differ as to the appropriateness" of the objection or response. *Millennium Mktg. Group v. Simonton Bldg. Prods.*, 2009 U.S. Dist. LEXIS 67624 (D. Kan. Aug. 4, 2009) (citing *Sheppard v. River Valley Fitness One*, L.P., 428 F.3d 1, 12 (1st Cir. 2005); *Gipson v. Southwestern Bell Tel. Co.*, No. 08-2017-EFM-DJW, 2009 U.S. Dist. LEXIS 25457, 2009 WL 790203, at *19 (D. Kan. Mar. 24, 2009); *Cardenas v. Dorel Juvenile Group, Inc.*, No. 04-2478-KHV-DJW, 2005 U.S. Dist. LEXIS 38331, 2005 WL 3503625, at *2 (D. Kan. Dec. 22, 2005); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir.1997); and *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2008 U.S. Dist. LEXIS 24771, 2008 WL 833509, at * 1 (D. Kan. Mar. 27, 2008)).

Plaintiffs' position certainly meets this standard, even if the Court were to ultimately rule in favor of defendant's Motion for Protective Order. Plaintiffs asserted in their response that factors exist that rebut the presumption that these depositions should take place in either Eufaula, Alabama, or Atlanta, Georgia. These factors include increased travel and attorney expenses if the depositions were to occur outside the Kansas City area. Defendant has offered alleged facts to rebut these factors in its Reply. Nonetheless, the existence of these factors could, at the very least, lead reasonable persons to differ as to the appropriateness of plaintiffs' argument, which that the proper locale for these depositions is the Kansas City area.

Again, it must be noted that plaintiffs made numerous attempts to gather dates when

defendant's representatives could be produced for deposition.  Plaintiff first sought dates in August

and continued to solicit potential deposition settings well into November.  Defendant largely refused

to cooperate, delaying response to plaintiffs' requests or not responding at all.  After nearly three

months of trying to coordinate dates, plaintiffs were forced to unilaterally set a deposition time and

location in order to ensure they would meet the December discovery deadline in this case.

<b>CONCLUSION</b>

Defendant failed to request expenses and attorneys' fees in its Motion for Protective Order,

instead making the request for the first time in its Reply.  In this circuit, a party waives issues and

arguments raised for the first time in a reply brief.  Thus, the Court should disregard defendant's

prayer for expenses and attorneys' fees.

However, if the Court were to consider defendant's request, the same should be denied.

Plaintiffs' position that these depositions should take place in the Kansas City area is substantially

justified.  The time and locale of a deposition is within the Court's discretion, and factors exist that

would justify a Court order requiring that these depositions take place as presently scheduled.

Because this substantial justification exists, defendant is not entitled to recover from plaintiffs the

expenses and attorneys' fees requested for the first time in defendant's reply brief.

Wherefore, Plaintiffs Building Erection Services Company, L.C., d/b/a Building Erection

Services Company of MO, L.C., and Advanced Building Systems, Inc., request the Court deny

defendant's motion for protective order, deny defendant's request for expenses and attorneys' fees

and request the Court sustain the depositions of Chuck Roberts and Bob Smola, as presently

scheduled.

Respectfully submitted,

HOLBROOK & OSBORN, P.A.


By: /s/ Kurt S. Brack
       Kurt S. Brack, KS #14797
       Kyle R. Ramsey, KS #23883
       Commerce Plaza II
       7400 W. 110th Street, Suite 600
       Overland Park, KS 66210
       Telephone:    (913) 342-2500
       Facsimile:    (913) 342-0603
       E-mail: Kbrack@holbrookosborn.com
                Kramsey@holbrookosborn.com
       ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF MAILING

I hereby certify that on this 16th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Scott R. Ast
Scharnhorst Ast & Kennard, P.C.
1000 Walnut, Suite 1550
Kansas City, MO 64106
Attorneys for Defendant

Robert E. Hill
McLain and Merritt, PC
3445 Peach Tree Rd. NE
Atlanta, Georgia 30326-3240
Attorneys for Defendant

       /s/ Kurt S. Brack
       Kurt S. Brack

5