IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BUILDING ERECTION SERVICES COMPANY, L.C. d/b/a BUILDING ERECTION SERVICES COMPANY OF MO, L.C. and ADVANCED BUILDING SYSTEMS, INC., | ) ) ) ) ) | |
| | ) | Case No. 09-CV-2104-CM-DJW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AMERICAN BUILDINGS COMPANY and AMERICAN BUILDINGS COMPANY d/b/a ARCHITECTURAL METAL SYSTEMS | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER**

COMES NOW Defendant American Buildings Company d/b/a Architectural

Metal Systems ("ABC") and files its Response to Plaintiffs' Motion for Protective Order.

**I.      Statement of Facts**

This Motion for Protective Order, filed by Plaintiffs, arises out of Plaintiffs'

refusal to give ABC possible dates for its representatives' depositions.  Contrary to

Plaintiffs' assertion that "[a]t no time prior to unilaterally issuing these notices [of

deposition] did counsel for defendant request proposed deposition dates or otherwise

confer with plaintiffs to set mutually agreeable times that these depositions take place",

ABC's counsel suggested deposition dates for Tom Farrar, Mary Farrar and William

Miller on October 15, 2009 by email, a copy of which is attached as Exhibit "A" to this

Response and is incorporated herein by reference.  Plaintiffs' counsel responded by letter

the same day refusing to produce the witnesses until completing the depositions of

ABC's representatives.  A true and correct copy of Plaintiffs' counsel's letter is attached hereto as Exhibit "B" and is incorporated herein by reference.  As the Court is aware from Defendant's Motion for Protective Order (Doc. # 48), the depositions of ABC's representatives have not occurred due to Plaintiffs' counsel's stubborn insistence on holding them in Overland Park, Kansas instead of Defendant's principal place of business, despite law to the contrary. (Docs. 48, 59).

Due to Plaintiffs' counsel's refusal to provide deposition dates and the close of discovery fast approaching, on November 2, 2009, ABC unilaterally noticed the depositions of Tom Farrar, Mary Farrar, William Miller, Plaintiff Building Erection Services Company, L.C. ("BESCO") and Plaintiff Advanced Building Systems, Inc. ("ABS") for November 19 and 20. (Docs. 51-55).   In Plaintiffs' counsel's November 3, 2009 letter to ABC regarding the Notices, he reiterated his refusal to give possible deposition dates prior to taking the deposition of ABC's representatives and demanded a response by November 5, 2009 or Plaintiffs would file a Motion for Protective Order.  A copy of Plaintiffs' counsel's letter is attached hereto as Exhibit "C" and incorporated herein by reference.  ABC's counsel responded in a letter transmitted to Plaintiffs' counsel by facsimile on November 4, 2009 at 12:31 p.m. and emailed to Plaintiffs' counsel the same day.  In the letter, ABC offered to cancel the Notices if Plaintiffs' counsel provided two consecutive, mutually convenient dates in the immediate future.  A copy of the letter is attached hereto as Exhibit "D" and incorporated herein by reference. Instead of responding, on November 5, 2009, Plaintiffs filed this Motion for Protective Order wrongly claiming that ABC had not responded to its November 3, 2009 letter. (Doc. 57, Statement of Material Fact No. 4).

After the Motion for Protective Order was filed, ABC's counsel emailed Plaintiffs' counsel on November 9, 2009 noting that he had responded to Plaintiffs' counsel's November 3, 2009 letter and offering Plaintiffs' counsel the opportunity to amend its Motion for Protective Order to correct its misstatement that ABC's counsel had not responded.  ABC's counsel offered Plaintiffs the opportunity to withdraw the Motion for Protective Order and provide ABC with alternative dates for its corporate designee and employee depositions.  A copy of ABC's counsel's November 9, 2009 email is attached hereto as Exhibit "E" and incorporated herein by reference.  Plaintiffs' counsel responded by letter the same day refusing to withdraw this Motion and inexplicably still claiming that his Statement of Material Fact No. 4 was "entirely correct".  He further stated that he missed ABC's counsel's letter as he was out of the office a good portion of November 4 and almost all of November 5.   Plaintiffs' counsel did not explain why neither he nor his staff checked his email or facsimile machine prior to filing the Motion when he had previously given ABC through November 5, 2009 to respond.   Plaintiffs' counsel also ignored ABC's counsel's request for alternative deposition dates.  A copy of Plaintiffs' counsel's letter dated November 9, 2009, is attached hereto as Exhibit "F" and incorporated herein by reference.

On November 11, 2009, ABC's counsel called Plaintiffs' counsel regarding deposition dates for Plaintiffs' representatives and was told by his assistant he was "unavailable".  ABC's counsel asked his assistant to have Plaintiffs' counsel call him back regarding deposition dates.  To date, Plaintiffs' counsel has not returned this phone call.  Also on November 11, 2009, ABC's counsel emailed Plaintiffs' counsel requesting deposition dates.  ABC's counsel stated:

{00123057.PDF}

> "I shall again look forward to hearing from you on dates acceptable to you for the depositions noticed earlier. You do not need a court order to re-schedule the depositions I noticed. I am willing to do so by agreement.  However, I need dates from you."

Plaintiffs' Counsel has not responded.  A copy of ABC's counsel's November 11, 2009 email is attached hereto as Exhibit "G" and is incorporated herein by reference.

## II.     Argument and Citation of Authority

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may issue a protective order to prevent undue burden or expense for a party during the course of discovery.  A protective order should only be issued for "good cause" and after the movant has certified that they "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Federal Rules of Civil Procedure 26(c).  "These conference requirements serve to satisfactorily resolve discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." *Schartz v. Unified School District No. 512*, 1996 WL 677079 (D. Kan. 1996).

Plaintiffs have not shown the "good cause" necessary to obtain a protective order as its Motion is unnecessary, frivolous and wasteful of judicial resources.  ABC has offered three different times to cancel the Notices of Deposition which are in dispute if Plaintiffs' counsel would provide it with deposition dates for the requested witnesses. Plaintiffs' counsel has flatly refused stating that it will not produce the witnesses until it

deposes ABC's representatives.[1] (Exhibits "B" and "C" to this Response).  Amazingly, Plaintiffs misrepresent this position to the Court claiming that "plaintiffs do not object to producing the witnesses named in the deposition notices".  (Doc. 57, p.3).  Plaintiffs have twice told ABC in writing that they will not produce a witness until ABC's representatives have been deposed.  If Plaintiffs truly do not object to the depositions of these witnesses, they should immediately offer proposed dates for each of the depositions as have been repeatedly requested.  ABC will gladly amend its Notices of Deposition to conform to Plaintiffs' convenience as soon as it receives proposed dates for the depositions of these witnesses.

This dispute could have been easily resolved had Plaintiffs offered proposed deposition dates.  On multiple occasions, ABC gave Plaintiffs the opportunity to withdraw this Motion and provide it with deposition dates. ABC respectfully submits that the record, correspondence and conduct of Plaintiffs suggest that the only real reason for Plaintiffs' Motion for Protective Order is because ABC has filed one. Perhaps Plaintiffs believe the "best defense" to ABC's Motion for Protective Order is a "good offense". However, that adage does not apply here because Plaintiffs' Motion for Protective Order is patently unnecessary and frivolous. Plaintiffs refused to provide any dates for the Plaintiffs' representative's deposition and filed this spurious motion, which has caused ABC unnecessary expense in responding to this Motion.  Due to this, Plaintiffs should be liable for ABC's attorneys' fees and expenses in responding to the Motion.

---

[1] As the Court is aware, ABC has offered its representatives for deposition on multiple dates.  The depositions have not occurred only due to Plaintiffs' counsel's stubborn insistence that the depositions be taken in Overland Park, Kansas instead of at ABC's principal place of business in Eufaula, Alabama or Atlanta, Georgia, the compromise location offered by ABC.

Federal Rule of Civil Procedure 26(c)(3) incorporates the Rule 37(a)(5) standard for awarding a party expenses for a motion for protective order.  Rule 37(a)(5)(B) provides: "If the motion [for protective order] is denied, the court…must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

This Motion clearly represents "a dispute that the parties themselves could have resolved" if Plaintiffs had only given Defendant dates for the depositions.  Plaintiffs have shown no justification for refusing to give these dates or failing to withdraw the Motion after communication from ABC's counsel.  ABC's attorneys have incurred 2.3 hours of partner time invoiced at an hourly rate of $290.00 an hour and 6.9 hours of associate time invoiced at an hourly rate of $185.00 an hour for total attorneys' fees incurred of $1,943.50.  (See Declaration of Robert B. Hill, Exhibit H) The Court should order Plaintiffs and its attorneys be responsible for this amount due to their discovery conduct.

**III.   Conclusion**

Plaintiffs' counsel has taken two ridiculous discovery positions which have resulted in two motions for protective orders being filed.  Here, ABC only desires to take the depositions of Plaintiffs' representatives as is its right under the Federal Rules of Civil Procedure.  Plaintiffs refused to give ABC deposition dates, leaving it no choice but to set the date unilaterally.  Plaintiffs followed with a Motion for Protective Order.  Now, ABC has offered on numerous occasions to withdraw its Notices of Deposition provided

{00123057.PDF}

that it is given deposition dates for Plaintiffs' representatives.  Plaintiffs have refused.

ABC requests this Court order Plaintiffs give it possible deposition dates and pay ABC's

attorneys' fees incurred in defending this Motion for Protective Order.

Respectfully submitted,

s/Scott R. Ast
_____
Scott R. Ast          KS# 16886
SCHARNHORST AST & KENNARD, P.C.
1000 Walnut, Suite 1550
Kansas City, MO  64106
816-268-9400
816-268-9409 (fax)
sra@sakfirm.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kurt S. Brack
HOLBROOK & OSBORN, P.A.
Commerce Plaza II
7400 West 110th Street, Suite 600
Overland Park, Kansas 66210
913-342-2500
913-342-0603 (fax)

**ATTORNEY FOR PLAINTIFFS**

s/Scott R. Ast
_____
Attorney

{00123057.PDF}