**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BUILDING ERECTION SERVICES COMPANY, L.C. d/b/a BUILDING ERECTION SERVICES COMPANY OF MO, L.C. AND ADVANCED BUILDING SYSTEMS, INC.,** ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **vs.** ) ) | **Case No. 09-CV-2104-DJW** |
| **AMERICAN BUILDINGS COMPANY and AMERICAN BUILDINGS COMPANY d/b/a ARCHITECTURAL METAL SYSTEMS,** ) ) ) ) ) | |
| **Defendants.** ) | |

**REPLY TO PLAINTIFFS'**
**MOTION FOR PROTECTIVE ORDER**

Plaintiffs Building Erection Services Company, L.C., d/b/a Building Erection Services Company of MO, L.C., and Advanced Building Systems, Inc., by and through counsel, offer the following reply to their Motion for Protective Order filed November 5, 2009.

**STATEMENT OF FACTS**

Plaintiffs refer to and incorporate by reference the Statement of Facts contained in their Memorandum in Support of Plaintiffs' Motion for Protective Order. (See Doc. 57). In addition, plaintiffs' offer these additional facts:

1.    After filing their Motion for Protective Order on November 5, 2009, plaintiffs' discovered that defendant had responded to their November 3, 2009 letter wherein plaintiffs outlined their objections to defendant's unilateral deposition notices. (Exhibit B of Memorandum in

1

Support of Motion for Protective Order.)  Defendant's response letter arrived in the office of plaintiffs' counsel on November 4 but was not received by the undersigned until after the filing of plaintiffs' Motion for Protective Order.  Simply, this letter had not reached counsel's desk by the time plaintiffs' Motion for Protective Order was filed.

2.     In defendant's November 4 letter, defense counsel offered to conditionally withdraw defendant's deposition notices. (See Exhibit C of defendant's Response to Plaintiffs' Motion for Protective Order, Doc. 65-4.)

3.     Defendant's offer was greeted with distrust, given defendant's conduct throughout the parties' attempts to schedule depositions — including the fact that defendant scheduled these five depositions to take place on a date defendant *knew* conflicted with plaintiffs' counsel's schedule.  Thus, plaintiffs were unwilling to withdraw their Motion for Protective Order.

4.     Plaintiffs' November 3 letter was only one of several attempts to confer with defendant's Kansas City and Atlanta counsel prior to filing this Motion for Protective Order.

## ARGUMENTS AND AUTHORITIES

**I.     Despite defendant's contention, applicable law does not require that plaintiffs withdraw their motion simply because defendant has conditionally offered to withdraw its deposition notices.**

Defendant has failed to cite any authority that supports its argument that plaintiffs were required to withdraw their motion upon defendant's conditional offers to withdraw their deposition notices after plaintiffs filed their Motion for Protective Order.  Plaintiffs concede that in the course of typical litigation, the need for a protective order would be negated by the non-moving party's agreement to cease its own offensive conduct.  Circumstances are not typical in this case, however.

Defendant noticed these five depositions on a date known to conflict with plaintiffs' counsel's

calendar.  The conflicted date had been discussed previously regarding the scheduling of other depositions in this case, which is how defendant's counsel came to know of the conflict.  Despite this knowledge, defendant set five depositions to occur on this date — November 19 — and the following day.  Defendant's deposition notices were filed in bad faith.  Its conduct, simply, could not be construed any other way.

Furthermore, defendant never rescinded its deposition notices; thus, plaintiffs' Motion for Protective Order remained relevant.  Defendant offered to withdraw its deposition notices only if plaintiffs' counsel offered proposed alternative dates.  Plaintiffs greeted this offer with distrust, following months of struggle to scheduled the depositions of defendant's corporate representatives and defendant's recent bad-faith attempt to strong-arm the depositions of plaintiffs' corporate representatives.  Plaintiffs could not trust defendant to honor its conditional offer; and, thus, plaintiffs' Motion for Protective Order remained appropriate.  For these reasons, plaintiffs' Motion for Protective Order is substantially justified.  Accordingly, plaintiffs respectfully request that the Court order the depositions of plaintiffs' corporate representatives to take place at a date and time certain that would also be mutually agreeable to the parties.

## II.    Defendant's prayer for fees and expenses related to this motion are improper; Accordingly, plaintiffs' should be awarded fees and expenses related to responding to defendant's bogus claim.

Defendant requests sanctions against plaintiffs for filing this "spurious" motion, which defendant also calls unnecessary and frivolous.  The necessity of plaintiffs' motion is outlined above and in their Memorandum in Support of Plaintiffs' Motion for Protective Order. Plaintiffs' motion is substantially justified for the same reasons.  On these premises alone, defendant's request for sanctions must be denied.  However, defendant's request for attorneys fees should be denied on

procedural grounds, as well.

Defendant purports to request fees and expenses pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5). These rules provide for payment of reasonable fees and expenses to the party who prevails on a motion for protective order. On this basis, plaintiffs' should be awarded their reasonable fees and expenses upon the Court's grant of a protective order pursuant to their motion. However, defendant does not condition its request for fees and expenses on the outcome of plaintiffs' motion. Therefore, to the extent defendant's request could be construed as one made pursuant to Fed. R. Civ. P. 11(b), the same must be denied for defendant's failure to adhere to the procedural requirements of Rule 11.

Rule 11 provides, among other things, that a litigant must make its motion for sanctions separately from any other motion. Fed. R. Civ. P. 11(c)(2). The motion must be served upon the adverse party and not be filed with the Court until 21 days after service. If warranted, the Court may award fees and expenses to the prevailing party. Failure to follow this procedure would defeat the motion. *See, e.g., Barnes v. Akal Sec., Inc.*, 2005 U.S. Dist. LEXIS 12268 (D. Kan. June 20, 2005) and *MomsWin, L.L.C. v. Lutes*, 2003 U.S. Dist. LEXIS 11233 (D. Kan. July 8, 2003).

Here, assuming such a motion were justified, defendant failed to move for sanctions in a separate pleading or to follow the Safe Harbor provision of Rule 11(c)(2). Thus, to the extent it could be construed that defendant's request for sanctions was made pursuant to Rule 11, the same must be denied.

No matter the basis, the amount defendant requests appears suspect. Defendant claims $1,943.50 was incurred in responding to plaintiffs' motion. These fees included attorney time for various tasks, including legal research. It is unclear from the face of its Response what legal research

4

defendant conducted, if any.  For example, defendant cites Rule 37 on page 8 of its Response and includes an excerpt from that rule.  This same excerpt appears on page 6 of defendant's earlier Reply memorandum concerning its Motion for Protective Order.  Certainly, this passage was not located specifically for defendant's Response to the instant motion.  If defendant were to prevail on its request for fees and expenses, the Court should require a more detailed showing of how its fees were incurred, as is required by the 10th Circuit.  *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250, 1255 (10th Cir. 1998).  Defendant would be required to prove the hours for all requested compensation through "meticulous, contemporaneous time records." *Case*, at 1250.  Furthermore, defendant's compensation would be limited to the market hourly rate for analogous litigation. *Case*, at 1255.  Thus far, defendant has not met these thresholds.

Plaintiffs' Motion for Protective Order is substantially justified by months of struggle to scheduled the depositions of defendant's corporate representatives and defendant's recent bad faith attempt to strong-arm the depositions of plaintiffs' corporate representatives.  For these reasons, plaintiffs respectfully request that the Court deny defendant's request for sanctions and sustain plaintiffs' Motion for Protective Order.

Wherefore, plaintiffs Building Erection Services Company, L.C., d/b/a Building Erection Services Company of MO, L.C., and Advanced Building Systems, Inc., request the Court grant their motion for protective order, requiring that defendant's depositions be rescheduled for a date certain that is also mutually agreeable to the parties, and for the reasonable expenses of making this motion.

Respectfully submitted,

HOLBROOK & OSBORN, P.A.


By: /s/ Kurt S. Brack
        Kurt S. Brack, KS #14797
        Kyle R. Ramsey, KS #23883
        Commerce Plaza II
        7400 W. 110th Street, Suite 600
        Overland Park, KS 66210
        Telephone:   (913) 342-2500
        Facsimile:   (913) 342-0603
        E-mail: Kbrack@holbrookosborn.com
                  Kramsey@holbrookosborn.com
        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF MAILING

I hereby certify that on this 24th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Scott R. Ast
Scharnhorst Ast & Kennard, P.C.
1000 Walnut, Suite 1550
Kansas City, MO 64106
Attorneys for Defendant

Robert E. Hill
McLain and Merritt, PC
3445 Peach Tree Rd. NE
Atlanta, Georgia 30326-3240
Attorneys for Defendant


                              /s/ Kurt S. Brack
                              Kurt S. Brack

6