**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BUILDING ERECTION SERVICES COMPANY, L.C., d/b/a BUILDING ERECTION SERVICES COMPANY OF MO, L.C. et al., | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09-2104-CM-DJW |
| AMERICAN BUILDINGS COMPANY, d/b/a ARCHITECTURAL METAL SYSTEMS, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant American Buildings Company's Motion for Protective Order (doc. 48). Defendant seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), requiring Plaintiffs to depose Defendant's employees, Messrs. Chuck Roberts and Bob Smola, in Eufaula, Alabama or Atlanta, Georgia. The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

This Motion arises out of Plaintiffs' attempts to schedule the depositions of two of Defendant's employees - Messrs. Chuck Roberts and Bob Smola - in the Kansas City area instead of Eufaula, Alabama or Atlanta, Georgia as requested by Defendant. It appears that the parties communicated on several occasions regarding the scheduling of the depositions, but could not reach an agreement as to the dates or the location of the depositions. On October 13, 2009, Plaintiffs served notices to take the depositions of Chuck Roberts and Bob Smola at Plaintiffs' counsel's office

in the Kansas City area.[1]

Defendant then filed the instant Motion seeking a protective order from this Court requiring Plaintiffs to take the depositions of Chuck Roberts and Bob Smola in either Eufaula, Alabama or Atlanta, Georgia.[2] Defendant contends that it is a Delaware corporation with a principal place of business located in Eufaula, Alabama.[3] Defendant further contends that Mr. Roberts is an employee of Defendant and works in Eufaula, Alabama as the Director of Customer Financial Services, and that Mr. Smola heads technical services and drafting for a division of Defendant in Eufaula, Alabama.[4] Defendant therefore argues that Plaintiffs should be required to take the depositions of Defendant's employees in Eufaula where Defendant's principal place of business is located. According to Defendant, because the closest major airport to Eufaula is in Atlanta and Eufaula is a three hour drive from Atlanta, it is willing to compromise and have the depositions of Messrs. Roberts and Smola take place in Atlanta.[5]

## II. STANDARDS

A deposing party may obtain the deposition of a corporation through two alternative methods.[6] First, the deposing party may, pursuant to Fed. R. Civ. P. 30(b)(6), name the corporation

---

[1] *See* Notice to Take Deposition (doc. 45); Notice to Take Deposition (doc. 47).

[2] Def. American Buildings Company's Mem. in Supp. of its Mot. for Protective Order (doc. 48) at 1, 5-6.

[3] *Id.* at 1-2.

[4] *Id.* at 2.

[5] *Id.* at 5-6; Def. American Buildings Company's Reply Br. in Supp. of its Mot. for Protective Order (doc. 59) at 5.

[6] *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Kan. 1991).

as the deponent in its notice and then allow the corporation to designate one or more employees to testify on its behalf as representatives.[7] Alternatively, a deposing party may, under Fed. R. Civ. P. 30(b)(1), name a specific corporate employee as the deponent.[8] "If the named employee is a director, officer, or managing agent of the corporation, such employee will be regarded as a representative of the corporation."[9] It appears to the Court that Plaintiffs have opted to use the second method by specifically naming the corporate employees Plaintiffs seek to depose - Messrs. Roberts and Smola. Regardless of the method used, Defendant is responsible for producing Messrs. Roberts and Smola for deposition.[10]

Defendant does not dispute that Messrs. Roberts and Smola should be produced for deposition, but rather argues that these depositions should take place in Eufaula, Alabama, the location of Defendant's principal place of business, or in Atlanta, Georgia, a place Defendant is willing to produce Messrs. Roberts and Smola for deposition as a compromise. Defendant seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), requiring Plaintiffs to depose Messrs. Roberts and Smola in either Eufaula or Atlanta.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[11] The party seeking a protective order has the burden to show good cause

---

[7] *Id.* (citing Fed. R. Civ. P. 30(b)(6)).

[8] *Id.* (citations omitted).

[9] *Id.*

[10] *Id.* (citations omitted).

[11] Fed. R. Civ. P. 26(c)(1).

3

for it.[12] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[13]

The court has great discretion in entering a protective order under Fed. R. Civ. P. 26(c) specifying the time and place of a deposition.[14] A presumption exists that a corporation's officers, directors, managing agents and other representatives should be deposed at the company's principal place of business unless justice dictates otherwise.[15] However, this "presumption can be overcome by a showing that factors of cost, convenience, and efficiency weigh in favor of a different location."[16]

## III. ANALYSIS

The Court looks first to Defendant's arguments to determine whether Defendant has met its burden of establishing good cause for entry of a protective order. Defendant argues that good cause exists because its employees should not be required to travel to the Kansas City area for depositions when both employees live in or around Eufaula, both work in Eufaula, and Eufaula is the location of Defendant's principal place of business. In support of its arguments, Defendant submitted the Supplemental Declaration of Chuck Roberts (attached as Exhibit A to Defendant's reply brief). Having reviewed all of Defendant's arguments and the Declaration, the Court finds that Defendant

---

[12] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000) (citations omitted).

[13] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[14] *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.1987).

[15] *Moore*, 137 F.R.D. at 357; *see Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (noting the normal procedure for taking the deposition of a corporation by its agents and officers is for the deposition to take place at the corporation's principal place of business).

[16] *GFSI, Inc. v. J-Loong Trading, Ltd.*, No. 05-2302-KHV, 2006 WL 2403103, at *1 (D. Kan. April 18, 2006).

has shown that its principal place of business is located in Eufaula, Alabama. Indeed, the Court notes that Plaintiffs do not dispute that Defendant's principal place of business is located in Eufaula, Alabama. Accordingly, the Court concludes that a presumption exists that the depositions of Messrs. Roberts and Smola should take place in Eufaula, Alabama.

Plaintiffs claim that factors, including cost, convenience, and efficiency, exist which rebut the presumption that these depositions should take place in Eufaula, Alabama.[17] According to Plaintiffs, if the depositions were to take place in the Kansas City area, then the only costs associated with travel would be the travel costs of Messrs. Roberts and Smola, whereas if the depositions were to take place in Eufaula, Alabama (or Atlanta, Georgia), the costs would include legal fees for travel and the travel costs themselves for both Plaintiffs' and Defendant's counsel.[18] Plaintiffs further argue that it would be more convenient and efficient if the depositions were held in the Kansas City area because this is where counsel for both parties, the Court, case files, and other witnesses are located.[19]

Defendant argues that the factor of cost does not weigh in favor of having the depositions take place in the Kansas City area. According to Defendant, although it hired local counsel in the Kansas City area to assist in its representation in this matter, the depositions of Messrs. Roberts and Smola would be defended by Defendant's counsel located in Atlanta, Georgia.[20] Thus, according to Defendant, the total cost for the depositions would be less in Atlanta or Eufaula because it would

---

[17] Resp. to Def. American Building Company's Mot. for Protective Order (doc. 49) at 3-4.

[18] *Id.* at 4.

[19] *Id.*

[20] Def. American Buildings Company's Reply Br. in Supp. of its Mot. for Protective Order (doc. 59) at 6.

only require significant travel by Plaintiffs' counsel.[21]

Having considered the parties' respective arguments, the Court concludes that Plaintiffs have not rebutted the presumption that the depositions should take place in Eufaula. Having the depositions in the Kansas City area would require Messrs. Roberts and Smola and Defendant's counsel to travel a significant distance. By contrast, it appears that having the depositions in either Eufaula or Atlanta would only require Plaintiffs' counsel to travel a significant distance. In addition, Plaintiffs fail to explain how the location of the Court weighs in favor of having the depositions take place in the Kansas City area. Regardless of where the depositions take place, the Court assumes that issues could be brought to its attention by the parties either by telephone or by filing a motion, both of which can be done from almost anywhere. Finally, Plaintiffs have not explained how the location of other witnesses or case files weighs in favor of having the depositions take place in the Kansas City area.

Plaintiffs also argue that the depositions should take place in the Kansas City area because Defendant "willfully chose to conduct business in [the Kansas City area] when it became part of the Chillicothe prison project . . . and [D]efendant should not now be permitted to avoid returning to this same area for depositions, under the guise that traveling to Kansas City would be too expensive or burdensome."[22] The Court is not persuaded by this argument and notes that Plaintiffs have not provided any case law to support this argument. The Court concludes that Plaintiffs have not rebutted the presumption that the depositions should take place in Eufaula. The Court will therefore grant the Motion to the extent it seeks a protective order requiring the depositions of Chuck Roberts

---

[21] *Id.*

[22] Resp. to Def. American Building Company's Mot. for Protective Order (doc. 49) at 4.

and Bob Smola to take place in either Eufaula, Alabama or Atlanta, Georgia.

## IV. EXPENSES

In its reply brief, Defendant asks the Court to award it the fees and expenses incurred in connection with filing the Motion pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5).[23] As this was the first time Defendant mentioned the issue of expenses, Plaintiffs requested leave to file a sur-reply and Defendant did not oppose this request.[24] Thus, the Court granted Plaintiffs' motion as unopposed.[25] Plaintiffs then filed their sur-reply, arguing that Defendant's request for expenses should be denied because (1) Defendant waived the right to seek expenses when it failed to initially raise the issue in its Motion and (2) Plaintiffs' opposition to the Motion was substantially justified.[26] The Court need not decide whether Defendant waived the right to seek expenses because it finds that Plaintiffs' opposition to the Motion was substantially justified.

Fed. R. Civ. P. 26(c)(3) provides, "Rule 37(a)(5) applies to the award of expenses" in connection with motions for protective order under Fed. R. Civ. P. 26(c).[27] Under Fed. R. Civ. P. 37(a)(5), if the motion for a protective order is granted, as is the case here, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred

---

[23] Def. American Buildings Company's Reply Br. in Supp. of its Mot. for Protective Order (doc. 59) at 8.

[24] Mot. for Leave to File Sur-Reply to Def. American Building Company's Mot. for Protective Order (doc. 60); Def.'s Consent to Pls.' Mot. for Leave to File a Sur-Reply (doc. 61).

[25] Order (docket entry No. 63).

[26] Sur-Reply to Def. American Building Company's Mot. for Protective Order (doc. 64) at 2.

[27] Fed. R. Civ. P. 26(c)(3).

7

in making the motion, including attorney's fees."[28] Fed. R. Civ. P. 37(a)(5) contains an important caveat: "But the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified."[29] Plaintiffs argue that their opposition to Defendant's Motion was substantially justified because it is supported by the case law within this district and within the Tenth Circuit, which says that although there is a presumption that depositions of corporate representatives take place where the corporation's principal place of business is located, this presumption may be rebutted and the Court has ultimate discretion to order a particular deposition location.[30] Plaintiffs argue that they believe factors such as cost, convenience and efficiency all weigh in favor of having the depositions of Messrs. Roberts and Smola take place in the Kansas City area.[31] Although the Court weighed these factors and ultimately disagreed with Plaintiffs, the Court finds that Plaintiffs' arguments and opposition were substantially justified.

Accordingly, the Court denies Defendant's request that Plaintiffs be required to pay its expenses incurred in connection with the Motion. The parties shall each bear their own expenses incurred in connection with the Motion.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Defendant American Buildings Company's Motion

---

[28] Fed. R. Civ. P. 37(a)(5)(A).

[29] *Id.*

[30] Sur-Reply to Def. American Building Company's Mot. for Protective Order (doc. 64) at 2 (citing *Thomas*, 48 F.3d at 483; *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 644 (D. Kan. 1999)).

[31] *Id.*

for Protective Order (doc. 48) is granted in part and denied in part. As it appears to the Court that the best solution is to have the depositions take place in Atlanta, Georgia, Plaintiffs shall be required to take the depositions of Chuck Roberts and Bob Smola in Atlanta, Georgia. The parties shall meet and confer and make a good faith attempt to select mutually agreeable dates, times, and exact location within Atlanta for the depositions of Chuck Roberts and Bob Smola.

**IT IS FURTHER ORDERED** that Defendant's request that Plaintiffs pay its expenses incurred in connection with the Motion is denied. The parties shall each bear their own expenses incurred in connection with the Motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 13th day of January 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties