IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BUILDING ERECTION SERVICES COMPANY, L.C., d/b/a BUILDING ERECTION SERVICES COMPANY OF MO, L.C. et al., | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 09-2104-CM-DJW |
| AMERICAN BUILDINGS COMPANY, d/b/a ARCHITECTURAL METAL SYSTEMS, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion for Protective Order (doc. 56). Plaintiffs seek a protective order, pursuant to Fed. R. Civ. P. 26(c), requiring Defendant to reschedule the depositions that were noticed for November 19 and 20, 2009. Plaintiffs also ask that the Court require Defendant to confer with Plaintiffs to reschedule these depositions at mutually agreeable dates and times. Finally, Plaintiffs ask the Court to enter an order requiring Defendant, pursuant to Fed. R. Civ. P. 37(a)(5), to pay Plaintiffs' reasonable expenses incurred in making the Motion. The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.     BACKGROUND**

Plaintiffs seek a protective order requiring Defendant to reschedule these five depositions at mutually agreeable dates and times: (1) Plaintiff Advanced Building Systems, Inc.,[1] (2) Plaintiff

---

[1] Def.'s Notice of Corporate Dep. of Advanced Building Systems, Inc. (doc. 51).

Building Erection Services Company, L.C.,[2] (3) Mary Farrar,[3] (4) Thomas Farrar,[4] and (5) William Miller.[5] Defendant scheduled these depositions to take place between November 19 and 20, 2009. When Plaintiff filed this Motion seeking a protective order under Fed. R. Civ. P. 26(c), the depositions were automatically stayed pending an order of the court.[6] Plaintiffs claim that a protective order is necessary because Defendant scheduled these five depositions without attempting to confer with Plaintiffs' counsel to select mutually agreeable dates and times. Plaintiffs do not object to the depositions themselves, but rather ask that they be rescheduled at dates and times when Plaintiffs' counsel is available for the depositions.

**II.    STANDARD**

The court has great discretion in entering a protective order under Fed. R. Civ. P. 26(c) specifying the date and time of a deposition.[7] Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[8] The party seeking a protective order has the burden to show good cause for it.[9] To establish good cause, a party must make "a particular and specific

---

[2] Def.'s Notice of Corporate Dep. of Building Erection Services Company, L.C. (doc. 52).

[3] Def.'s Notice of Dep. of Mary Farrar (doc. 53).

[4] Def.'s Notice of Dep. of Thomas Farrar (doc. 54).

[5] Def.'s Notice of Dep. of William Miller (doc. 55).

[6] D. Kan. Rule 26.2.

[7] *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.1987).

[8] Fed. R. Civ. P. 26(c)(1).

[9] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000) (citations omitted).

2

demonstration of fact, as distinguished from stereotyped and conclusory statements."[10]

**III.    ANALYSIS**

The Court notes that the scheduled dates for the five depositions at issue have now passed. Thus, as a practical matter, the Court will grant Plaintiffs' request for a protective order requiring that these depositions be rescheduled.

Plaintiffs also seek a protective order requiring Defendant to reschedule these depositions at mutually agreeable dates and times. The Court finds that good cause exists to grant this request. Having reviewed the communications between counsel (attached as exhibits to the parties' pleadings), it appears to the Court that the relationship between counsel for the parties has become strained. The Court strongly encourages counsel to attempt to work with one another and extend the professional courtesies expected of counsel practicing before this Court. To help counsel understand their obligations, counsel are directed to read the Sedona Conference Cooperation Proclamation, which this Court has previously endorsed.[11] In addition, the Court orders counsel for the parties to confer in good faith or make reasonable efforts to confer in good faith to schedule depositions at mutually agreeable places, dates and times before sending a notice of such depositions. If counsel are unable to reach an agreement on the scheduling of the depositions, then counsel may be ordered to appear in person to attempt further negotiations in court. Any future

---

[10] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[11] *See* Sedona Conference Cooperation Proclamation (2008), http://www.thesedonaconference.org/content/tsc_cooperation_proclamation. The Sedona Conference is a nonprofit legal policy research and education organization that is comprised of judges, attorneys, and electronic discovery experts who are dedicated to resolving electronic document production issues.

motion regarding the scheduling of depositions in this case shall be accompanied by a certification describing with particularity the efforts of counsel for the parties to resolve the scheduling dispute.

## IV. EXPENSES

Plaintiffs ask the Court to require Defendant, under Fed. R. Civ. P. 37(a)(5), to pay Plaintiffs' reasonable expenses incurred in making this Motion. Under Fed. R. Civ. P. 37(a)(5), if the motion for a protective order is granted, as is the case here, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[12] Fed. R. Civ. P. 37(a)(5) contains an important caveat: "But the court must not order this payment if . . . other circumstances make an award of expenses unjust."[13]

Plaintiffs argue that if Defendant had not unilaterally set these depositions, then the expense of this Motion could have been avoided. The Court disagrees. It appears to the Court that the issue of scheduling these depositions was raised by Defendant's counsel before Defendant issued the deposition notices, but the parties were unable to agree on the order in which the depositions in this case would take place. Thus, the Court concludes that circumstances exist in this case which make it appropriate to require the parties to each pay their own expenses incurred in connection with the Motion.

## V. CONCLUSION

For the foregoing reasons, the Motion is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (doc. 56) is

---

[12] Fed. R. Civ. P. 37(a)(5)(A).

[13] *Id.*

4

granted in part and denied in part. The parties shall reschedule the depositions of (1) Plaintiff Advanced Building Systems, Inc., (2) Plaintiff Building Erection Services Company, L.C., (3) Mary Farrar, (4) Thomas Farrar, and (5) William Miller at mutually agreeable dates and times.

**IT IS FURTHER ORDERED** that, before issuing any deposition notices in this case, counsel for the parties shall confer in good faith or make reasonable efforts to confer in good faith to schedule such depositions at mutually agreeable places, dates and times. Any future motion regarding the scheduling of depositions in this case shall be accompanied by a certification describing with particularity the efforts of counsel for the parties to resolve the scheduling dispute.

**IT IS FURTHER ORDERED** that Plaintiffs' request for expenses under Fed. R. Civ. P. 37(a)(5)(A) is denied. The parties shall each bear their own expenses incurred in connection with the Motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 13th day of January 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties