IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BUILDING ERECTION SERVICES COMPANY, L.C., d/b/a BUILDING ERECTION SERVICES COMPANY OF MO, L.C. et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | Case No. 09-2104-CM-DJW |
| AMERICAN BUILDINGS COMPANY, d/b/a ARCHITECTURAL METAL SYSTEMS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Pending before the Court are two motions: (1) Defendant's Motion for Leave to Amend its Counterclaim and Supplement its Responses to Plaintiffs' First and Second Interrogatories and Requests for Production of Documents (doc. 90) and (2) Defendant's Motion for Leave to Amend its Answer and Pretrial Order With Affirmative Defense of Payment (doc. 101). For the reasons set forth below, both motions are denied.

**I.   BACKGROUND**

This is a negligence and breach of contract action involving metal roofing materials supplied by Defendant for the Chillicothe Reception and Diagnostic Center located in Chillicothe, Missouri (the "Project"). It is uncontroverted that in April 2007, Plaintiff Building Erection Services Company entered into a subcontract with the design/builder J.E. Dunn Construction Company for the Project. Plaintiff Building Erection Services Company also entered into an oral subcontract with

Plaintiff Advanced Building Systems, who in turn entered into a written Purchase Order Contract with Defendant. Defendant, pursuant to the written Purchase Order Contract, was to design and supply materials for the certain standing seam metal roofs on several buildings in the Project.

Plaintiffs contend that Defendant was negligent in the design, manufacture and construction of the roofing components installed at the Project, which caused crimping and buckling of the roofing system on the Project. Plaintiffs also contend that Defendant was negligent in failing to properly design and provide an expansion joint on building 12 of the Project.

Defendant contends that it designed, fabricated and shipped the metal roofing components for the Project as required and that Plaintiff Advanced Building Systems failed to pay $33,743.57, excluding interest, due pursuant to the Purchase Order Contract, subsequent change orders and additional components orders. Defendant further contends that Plaintiff Advanced Building Systems ceased business operations in June 2008, and later assigned its interest in the Purchase Order Contract to Plaintiff Building Erection Services Company.

Defendant filed a Counterclaim against Plaintiffs seeking the remaining purchase price due, accrued interest, and attorneys' fees pursuant to the Purchase Order Contract. Plaintiff Building Erection Services Company then paid Defendant the entire balance on the account, but did not pay any of Defendant's attorneys' fees. Defendant thus amended its Counterclaim to seek only attorneys' fees pursuant to the Purchase Order Contract.

## II. MOTION TO AMEND COUNTERCLAIM & SUPPLEMENT DISCOVERY RESPONSES

Defendant filed its Amended Counterclaim on July 31, 2009, specifically seeking attorneys' fees from Plaintiffs in the amount of $12,311.00. According to Defendant, this amount pertained to the attorneys' fees and expenses incurred prior to March 12, 2009. Defendant now seeks leave to amend its Amended Counterclaim to seek all attorneys' fees incurred in the action through the trial of the case.

However, on June 29, 2010, District Judge Murguia entered his Memorandum and Order (doc. 124) granting Plaintiffs' Motion for Partial Dismissal with Regard to Count II of Defendant's Counterclaim (doc. 29) and Plaintiffs' Motion for Partial Summary Judgment with Regard to Count II of Defendant's Counterclaim (doc. 83). In doing so, District Judge Murguia dismissed Defendant's counterclaim for attorneys' fees against Plaintiff Building Erection Services Company. The Court therefore denies Defendant's request to amend its Amended Counterclaim to seek all attorneys' fees incurred in the action through the trial of the case against Plaintiff Building Erection Services Company.

As for its counterclaim against Plaintiff Advanced Building Systems, the Court finds the motion to amend untimely. Under the Scheduling Order (doc. 9), motions to amend the complaint or answer were due July 3, 2009 and motions to otherwise amend the pleadings were due August 3, 2009. Defendant did not file its motion to amend its counterclaim until March 24, 2010, approximately 7 months after the deadline. The Court has considered Defendant's arguments and concludes that Defendant has not shown why the deadline for amending its Amended Counterclaim

could not have been met with diligence.[1] The Court therefore denies the motion to amend the Amended Counterclaim to seek all attorneys' fees incurred in the action through the trial of the case against Plaintiff Advanced Building Systems.

Defendant also seeks leave to supplement its responses to Plaintiff's First and Second Interrogatories and Requests for Production of Documents in order to produce its attorneys' fees invoices from March 12, 2009 to the present. Having already denied Defendant's request to amend its Amended Counterclaim, the Court hereby denies the request to supplement its discovery responses.

## III.   MOTION TO AMEND ANSWER AND PRETRIAL ORDER

On April 5, 2010, Defendant filed its motion seeking leave to amend its Amended Answer and the Pretrial Order to include the affirmative defense of payment. As explained above, the deadline for Defendant to file a motion to amend its Amended Answer was due July 3, 2009. Having considered Defendant's arguments, the Court finds that Defendant has not shown why it needed to wait almost a year after the deadline to file its motion to amend its Amended Answer, and Defendant certainly has not shown that the deadline could not have been met with diligence. The Court therefore denies the motion to amend the Amended Answer and the Pretrial Order.

## IV.   CONCLUSION

For the foregoing reasons, both of Defendant's motions are denied.

---

[1] When a motion seeking leave to amend is filed after the deadline for amending pleadings set forth in the scheduling order, the court must determine whether Fed. R. Civ. P. 15(a) standards have been satisfied and must also determine whether good cause has been shown within the meaning of Fed. R. Civ. P. 16(b). To demonstrate good cause, the party seeking leave to amend must show that the deadline could not have been met with diligence. *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan.1993).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Amend its Counterclaim and Supplement its Responses to Plaintiffs' First and Second Interrogatories and Requests for Production of Documents (doc. 90) is denied

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Amend its Answer and Pretrial Order With Affirmative Defense of Payment (doc. 101) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 29th day of July 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties